UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTHA A MIONI,

                        Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                        Defendant.

Case No. 3:14-cv-05351-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

        Plaintiff has brought this matter for judicial review of defendant's denial of her

application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of

Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard

by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining

record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny

benefits should be reversed and this matter should be remanded for further administrative

proceedings.

FACTUAL AND PROCEDURAL HISTORY

        On October 6, 2011, plaintiff filed an application for disability insurance benefits,

alleging disability as of April 1, 2010. *See* Dkt. 12, Administrative Record ("AR") 11. That

application was denied upon initial administrative review on December 8, 2011, and on

ORDER - 1

reconsideration on February 16, 2012. *See id.* A hearing was held before an administrative law judge ("ALJ") on October 15, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 22-55.

In a decision dated December 14, 2012, the ALJ determined plaintiff to be not disabled. *See* AR 11-17. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on February 21, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 404.981. On May 9, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 4. The administrative record was filed with the Court on July 15, 2014. *See* Dkt. 12. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred in failing to: (1) identify all of plaintiff's severe impairments; (2) take into account the limiting effects of plaintiff's pain; (3) give clear and convincing reasons for finding plaintiff to be not credible; and (4) resolve the discrepancy in the evidence concerning plaintiff's ability to perform her past relevant work. For the reasons set forth below, the Court agrees the ALJ erred in failing to resolve the discrepancy in the evidence concerning plaintiff's ability to perform her past relevant work, and therefore in determining her to be not disabled. Also for the reasons set forth below, however, the Court finds that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.[1]

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by

---

[1] Although plaintiff requests oral argument, the Court finds such argument to be unnecessary here.

ORDER - 2

the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

At the hearing, the vocational expert testified that plaintiff had performed past relevant work as a "casino dealer, card player," which "would best fit under" Dictionary of Occupational Titles ("DOT") 343.367-010. AR 48. In her decision, the ALJ noted plaintiff reporting having worked as "a table games dealer" on five different occasions. AR 16. The ALJ accepted the vocational expert's testimony that plaintiff could perform her past relevant work as a gambling dealer, stating further that:

> . . . Review of this occupation in the <u>Dictionary of Occupational Titles (DOT)</u> does not show that it involves any tasks that would preclude her from performing the work as either actually or generally performed. Per the occupation description a gambling dealer participates in card games, usually poker, and relinquishes his/her seat when a patron wants to join the game. As mentioned above, the claimant plays Sudoku and card games as part of her activities of daily living. . . .

AR 16-17. As plaintiff points out, though, the job described by DOT 343.367-010 is actually solely that of card player involving "[p]articipat[ion] in card game, usually poker, for gambling establishment to provide minimum complement of players at table," and "[r]elinquish[ing] seat on arrival of patron desiring to play cards." *Id.*

But as plaintiff also points out, the work she performed was that of "table games dealer" only, and while there were "a couple tables" at her place of employment that involved sitting, it was not up to her whether or not she worked at those tables. AR 34. Thus, her job "could involve standing fo[r] eight hours," albeit with a 20-minute break every hour. AR 34-35. This is a far cry from the job of card player described by the DOT, which is sedentary in nature. *See* AR 48; DOT 343.367-010. Indeed, the DOT describes the job of gambling dealer as involving light work. *See* DOT 343.464-010. That job also requires the performance of different tasks. *See id.* Defendant agrees the vocational expert erred in citing the DOT number for a card player, rather than for a gambling dealer.

ORDER - 4

Defendant argues, however, that any error here is harmless, because the ALJ "specifically noted that Plaintiff performed her past work as a Gambling Dealer consistent with the definition of past relevant work." Dkt. 18, p. 12. Although it is not entirely clear what defendant means by this, the ALJ's decision indicates she merely compared the DOT's description of the job of card player with plaintiff's residual functional capacity, not with the job of gambling dealer either as described by the DOT or by plaintiff herself. *See* AR 16-17.

Defendant goes on to argue that plaintiff has failed to meet her burden of showing why she cannot perform her past relevant work at step four of the disability evaluation process. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). That is, as defendant notes, the job of gambling dealer is performed at the light exertional level, which is consistent with the residual functional capacity with which the ALJ assessed plaintiff and with plaintiff's own testimony as to the exertional level at which she performed that job. But the Court agrees with plaintiff that because it appears neither the vocational expert nor the ALJ ever considered the job of gambling dealer, it is far from clear that plaintiff would be able to perform that job, as there may be other job requirements that might preclude the performance thereof. Accordingly, remand for further consideration as to whether plaintiff could perform her past relevant work, and if necessary other work existing in significant numbers in the national economy,[3] is warranted.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

---

[3] Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a claimant cannot perform his or her past relevant work at step four of the disability evaluation process, at step five of that process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett*, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520(d), (e).

ORDER - 5

1

agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

2

Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record

3

that the claimant is unable to perform gainful employment in the national economy," that

4

"remand for an immediate award of benefits is appropriate." *Id.*

5

        Benefits may be awarded where "the record has been fully developed" and "further

6

administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

7

*Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

8

9

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
> claimant's] evidence, (2) there are no outstanding issues that must be resolved
> before a determination of disability can be made, and (3) it is clear from the
> record that the ALJ would be required to find the claimant disabled were such
> evidence credited.

10

11

12

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

13

Because as discussed above, issues still remain as to whether plaintiff is capable of performing

14

her past relevant work, remand for further administrative proceedings at step four, and again if

15

necessary at step five, of the sequential disability evaluation process is proper.[4]

16

17

## CONCLUSION

18

        Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded

19

plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED

20

and this matter is REMANDED for further administrative proceedings in accordance with the

21

22

23

24

25

26

[4] Plaintiff argues that on remand this matter should be heard by a different ALJ, because the ALJ who presided over the current matter "denies or dismisses 92% of all cases that come before her as compared to the statistic that 44% of all disability cases in this country result in favorable decisions." Dkt. 14, p. 12 (citing http://www.disabilityjudges .com/state/washington/seattle). No evidence has been presented, however, as to the reliability of the above statistics or the website plaintiff obtained them from. Further, even if those statistics are accurate, no showing has been made that a finding of bias is appropriate based on such statistics or on statistics in general, or that the ALJ *in this case* displayed actual bias toward plaintiff warranting remand to a different ALJ. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003) ("actual bias" rather than "mere appearance of impropriety" required to disqualify ALJ); *Rollins v. Massanari*, 246 F.3d 853, 858 (9th Cir. 2001) (party must show "the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'") (citing *Liteky v. United States*, 510 U.S. 540, 555-56 (1994)).

ORDER - 6

findings contained herein.

DATED this 24th day of February, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 7